UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT J. SKIBNIEWSKI,

                        Plaintiff,

v.                                                                                CASE # 19-cv-00506

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | AMY C. CHAMBERS, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | MEGHAN FREI BERGLIND, ESQ.<br>RICHARD W. PRUETT, ESQ.<br>LAURA RIDGELL BOLTZ, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.      RELEVANT BACKGROUND**

    **A.      Factual Background**

Plaintiff was born on May 31, 1975, and has a high school education. (Tr. 191). At the time of application, plaintiff's alleged disability consisted of bipolar disorder and multiple sclerosis. (Tr. 190).

    **B.      Procedural History**

On March 13, 2015, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 155). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On February 5, 2018, plaintiff appeared before the ALJ, Benjamin Chaykin. (Tr. 26-61). On May 31, 2018, ALJ Chaykin issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-21). On February 21, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

    **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since March 13, 2015, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: multiple sclerosis (MS), affective disorder, and anxiety disorder. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with

    the following nonexertional limitations: (1) no climbing of ropes, scaffolds, or ladders, (2) no exposure to dangerous hazards such as unprotected heights or dangerous machinery, (3) limited to simple, routine tasks, and (4) limited to occasional interaction with supervisors, co-workers and the public.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on May 31, 1975, and was 39 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 13, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 7-21).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ improperly used lay opinion to interpret bare medical findings and selective reading to evaluate opinions and evidence of record. (Dkt. No. 13 at 15 [Pl.'s Mem. of Law]). Second, the ALJ failed to properly evaluate plaintiff's credibility. (Dkt. No. 13 at 21).

### B.    Defendant's Arguments

In response, defendant argues that substantial evidence supports the ALJ's RFC finding that plaintiff retained the ability to perform simple, routine work with limited social interactions. (Dkt. No. 17 at 14 [Def.'s Mem. of Law]). More specifically, the ALJ's findings of fact as to the

weight given to medical opinions was well supported and the ALJ's factual findings as to the believability of plaintiff's subjective complaints were reasonable. (Dkt. No. 17 at 17, 22).

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.  Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.  ANALYSIS**

**A. Opinion Evidence**

The RFC is an assessment of the most plaintiff can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do,

provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. Id. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

Plaintiff asserts the ALJ's physical and mental RFC determinations were the product of legal error because the ALJ gave too little weight to some medical opinions and too much weight to others. (Dkt. No. 13 at 15-20). Plaintiff argues the opinions of Dr. Duffy and Dr. Miller do not constitute substantial evidence.

Initially, plaintiff claims the opinions that plaintiff would have off-task time and missed workdays by physician assistant (PA) Ms. Mecca and primary physician Dr. Scrivani, should have been adopted into the RFC. Plaintiff repeatedly states the record supports the position that plaintiff would have off-task time and missed workdays based on his conditions, but three times cited to the entire 520-page record when discussing those limitations. (Dkt. No. 13 at 18, 20). The Court is not required to comb the record in search of evidence in support of plaintiff's position[1]. *See, e.g., Dietrich v. E.I. Du Pont de Nemours & Co.,* No. 02–CV–678S, 2004 WL 2202656, *9, n8 (W.D.N.Y. Sept. 28, 2004) ((("[n]ot only has plaintiff failed to provide any of his own medical evidence in support of his *prima facie* case, but he has also failed to include citations to the medical records defendant included as exhibits in its moving papers. It is not this Court's duty, obligation or function to search the record for evidence supporting plaintiff's case, and this Court declines to do so."). Plaintiff cites one medical record indicating that he reported missing work often due to

---

[1] The Court also notes that plaintiff could be found in violation of the local rules and impermissibly uses "extensive footnotes…to circumvent page limitations." Local R. Civ. P. 5.5(d)(4); 10(a). Courts in this circuit have made clear that arguments in footnotes are waived. *See*, *e.g.*, *Marnell v. Comm'r of Soc. Sec.*, No. 17-CV-6201, 2018 WL 3620152, at *10 n.6 (W.D.N.Y. July 30, 2018); *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014); *Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 256 n.4 (S.D.N.Y. 2009).

his moods and anxiety. (Dkt. No. 13 at 19, *referencing* Tr. 417). The other record cited is again plaintiff's self-report to his primary physician that he needs to live with his parents for surveillance if he experiences things that aren't real. (Dkt. No. 13 at 19, *referencing* Tr. 446). However, the ALJ provided a reasonable explanation why he did not adopt the extreme limitations opined by Ms. Mecca and Dr. Scrivani.

PA Mecca completed a mental residual functional capacity questionnaire in January 2018. (Tr. 404). Ms. Mecca opined severe limitations in the majority of mental functional abilities. (Tr. 405) She also stated absenteeism, due to the mental health impairments, would cause plaintiff to miss more than four days of work per month. (Tr. 409). The ALJ clearly considered Ms. Mecca's questionnaire and discussed the content in the decision as well as provided good reasons for according limited weight to the unsupported conclusions. (Tr. 17-18). *See Genier v. Astrue*, 298 F. App'x 105, 108-09 (2d Cir. 2008) (ALJ was "free to discount" the assessments of sources, who were not acceptable medical sources, where other evidence was more persuasive and consistent with the record as a whole). The ALJ also appropriately considered the fact that PA Ms. Mecca was not an acceptable medical source, contrary to plaintiff's claims. (Dkt. No. 13 at 17).

In addition to not being an acceptable medical source, ALJ Chaykin also noted Ms. Mecca's opinion was inconsistent with objective findings. *See* 20 C.F.R. § 416.927(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole). Plaintiff globally cites all of Ms. Mecca's records in arguing her opinion was improperly diminished. (Dkt. No. 13 at 17). A review of the record shows all mental status examinations were largely normal with minor issues, as recorded by Physician's Assistants Vaneck and Groth. (Tr. 244-46, 259, 263, 278, 340, 444, 448). Dr. Duffy's clinical findings and medical opinion (as discussed in more detail below) support the ALJ's findings and directly conflict with Ms. Mecca's opinion. (Tr. 287-288).

Additionally, state agency psychologist Dr. Kleinerman reviewed the medical records and also provided a medical opinion supporting the ALJ and contradicting Ms. Mecca's opinion. (Tr. 66). These objective findings and medical opinions demonstrated that Ms. Mecca's opinion was not supported by the evidence. *See Woodmancy v. Colvin*, 577 F. App'x 72, 75 (2d Cir. 2014) (ALJ properly assigned little weight to treating source's opinion when contradicted by clinical findings). Ms. Mecca's own clinical findings of largely normal mental status examinations of full orientation, stable affect, intact memory, goal directed thoughts and at most moderately diminished concentration, directly conflict with her opinion of thought disturbances, mood disturbance, difficulty thinking, and memory problems. (Tr. 406, 345, 351, 419, 430, 425). *See Halloran*, 362 F.3d at 32 (deference to treating source's opinion was not required where treating physician issued opinions that were not consistent with his own treatment notes and other substantial evidence in the record). Therefore, ALJ Chaykin reasonably rejected the unsupported, inconsistent questionnaire from the non-acceptable medical source, Ms. Mecca.

The ALJ's discussion and analysis of Dr. Scrivani's opinion was also appropriate. Dr. Scrivani opined plaintiff would be off task and miss too many workdays to maintain employment. (Tr. 413). Plaintiff argues that the consultative examiners did not include off-task and missed workday limitations and therefore the ALJ used his lay opinion over treating providers. (Dkt. No. 13 at 19). As noted by the defendant, plaintiff never argues the ALJ erred in his assessment of Dr. Scrivani's opinion. Regardless, the ALJ reasonably gave little weight to the opinion regarding extreme physical limitations as there was no evidence of significant physical limitations in the evidence of record. (Tr. 18). Dr. Scrivani noted normal examination findings throughout the record, finding full strength and range of motion with good mobility in all extremities. (Tr. 240, 250, 274, 301, 316, 319). Dr. Kinkel, plaintiff's MS doctor, noted in December 2015, a normal

examination including a normal gait, intact coordination, normal strength, reflex, and sensory testing. (Tr. 393). He noted a normal examination again in September 2017, stating that plaintiff's back pain was not related to his MS, and he released plaintiff to return to heavy work at a lumber mill. (Tr. 398-99). A November 2015 x-ray of plaintiff's low back was unremarkable. (Tr. 330). Plaintiff also had a normal MRI of his low back in May 2016. (Tr. 401). In July 2015, Dr. Miller also indicated that plaintiff had no significant physical limitations but should avoid unprotected heights given his history of MS and possible balance issues in the future. (Tr. 293). Therefore, the ALJ properly concluded medical evidence and opinions contradicted the unsupported extreme limitations included in Dr. Scrivani's questionnaire. *See Woodmancy*, 577 F. App'x at 75 (ALJ properly assigned little weight to treating source's opinion when contradicted by clinical findings).

      Plaintiff contends the ALJ should not have relied on the opinions of the consultative examiners Dr. Duffy and Dr. Miller because they were stale. (Dkt. No. 13 at 18). Plaintiff argues there were treatment records after the consultative examinations, which is correct, however this fact does not make an opinion stale. A medical opinion can be found stale if there is evidence that plaintiff's condition changed significantly subsequent to the opinion. *See Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (unpublished) (where findings have not significant changed since a state agency physician reviewed the evidence, the state agency doctor's opinion can still govern and is not rendered "stale" by subsequent records). Plaintiff does not cite any evidence that suggest plaintiff's condition significantly changed subsequent to the opinions by Dr. Duffy and Dr. Miller. It is the plaintiff's burden to produce evidence and prove both his RFC and his disability. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (claimant is "responsible for providing the evidence [the ALJ] will use to make a finding about [his] residual functional capacity").

The ALJ was permitted to rely upon the opinions of the examining State agency medical consultants since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e). Their opinions may also constitute substantial evidence in support of residual functional capacity findings. *Delgrosso v. Colvin,* 2015 WL 3915944, at *4 (N.D.N.Y. June 25, 2015); *see also Heagney-O'Hara v. Comm'r of Soc. Sec.,* 646 F. App'x 123, 126 (2d Cir. 2016). It is within an ALJ's discretion to compare and contrast the various medical opinions, along with all other relevant evidence, to resolve the conflicts in the evidence and determine plaintiff's RFC. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

### B. Subjective Complaints

Plaintiff argues the ALJ failed to properly evaluate his credibility. (Dkt. No 13 at 21). Specifically, that plaintiff's chronic and ongoing conditions did not support he was capable of sustained competitive work without accommodations and it was improper to conclude the mental impairments improved. (*Id.*). The Second Circuit has recognized that, while the ALJ "is required to take the claimant's reports of pain and other limitations into account" under 20 C.F.R. § 404.1529, the ALJ "is not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Id.* The ALJ's consistency findings are entitled to deference as long as they are sufficiently specific and supported by substantial evidence. *See Tricarico v. Colvin*, 681 F. App'x 98, 101 (2d Cir. 2017) (citing *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1988)); *Wright v. Berryhill*, 687 F. App'x 45, 49 (2d Cir. 2017) (finding no basis for

disturbing ALJ's credibility finding, given the sharply limited scope of the Court's review, and where ALJ had adequately explained reasons that were supported by substantial evidence).

ALJ Chaykin properly identified good reasons for finding plaintiff's subjective complaints of debilitating symptoms not fully believable, namely, they were inconsistent with the medical evidence. (Tr. 22). *See* 20 C.F.R. § 416.929(c)(4) (stating an ALJ must consider whether there are conflicts between a claimant's statements and the rest of the evidence). As discussed above, clinical findings, imaging and opinion evidence from multiple sources contradicted plaintiff's claims of extreme limitations. *See Genier*, 606 F.3d at 49 (2d Cir. 2010) (In determining a claimant's residual functional capacity, an ALJ must evaluate a claimant's subjective complaints and determine whether they are consistent with the record as a whole). The ALJ also reasonably noted that plaintiff's mental symptoms improved with treatment. (Tr. 17). *See* 20 C.F.R. § 416.929(c)(3)(iv) (stating an ALJ must consider the effectiveness of treatment). Throughout the record it was noted plaintiff was stable when on medication. (Tr. 246, 269, 273, 310). *See Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (ALJ properly considered a doctor's statement that plaintiff's medical condition had improved with treatment).

Additionally, the ALJ properly considered plaintiff's reported activities and determined such were inconsistent with his allegations of disabling functional limitations. (Tr. 20). *See* 20 C.F.R. § 404.1529(c)(3); SSR 16-3p; *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (ALJ may rely on such activities to show that a claimant's allegation that she was disabled was not credible), *see Morris v. Comm'r of Soc. Sec.,* No. 5:12-CV-1795, 2014 WL 1451996, at *8 (N.D.N.Y. Apr. 14, 2014) ("The issue is not whether plaintiff's limited ability to undertake normal daily activities demonstrates her ability to work. Rather, the issue is whether the ALJ properly

discounted Plaintiff's testimony regarding her symptoms to the extent that it is inconsistent with other evidence.").

Plaintiff's ability to work part-time, particularly at a lumber mill, without complaints of mental or physical symptoms interfering was reasonably considered by the ALJ. *See* 20 C.F.R. § 416.971 ("Even if the work you have done [during a period of claimed disability] was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *Cabrero-Gonzalez v. Colvin*, No. 13-CV-6184-FPG, 2014 WL 7359027, at *19 (W.D.N.Y. Dec. 23, 2014) (unpublished) (ALJ properly discredited the claimant's allegations in part because the claimant had worked after his alleged onset date).

Indeed, the substantial evidence standard is so deferential that there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence. *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). Once an ALJ finds facts, the Court can reject those facts only if a reasonable factfinder would have to conclude otherwise. *Brault v. v. Social Security Admin., Commissioner*, 683 F.3d at 448(2d Cir. 2012)(internal quotation omitted). Plaintiff's arguments are a disagreement with how the ALJ evaluated the evidence. *See* Dkt. No. 13. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished). In this case, the ALJ weighed the medical evidence, including treatment notes, objective findings, medical opinions, and plaintiff's testimony to reach an RFC determination that reflected his analysis of the credible evidence of record. (Tr. 12-20).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.13) is

**DENIED;** and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 17) is

**GRANTED.**

Dated: September 9, 2020   *J. Gregory Wehrman*
Rochester, New York          HON. J. Gregory Wehrman
                             United States Magistrate Judge